# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

| | |
|---|---|
| LISA FOSSON, an individual; | ) CASE NO.: 3:21-cv-00313 |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF |
| | ) ERISA SECTION 502(a)(1)(B); |
| v. | ) |
| | ) |
| EQUITABLE FINANCIAL LIFE | ) [29 USCS 1132(a)(1)(B)] |
| INSURANCE COMPANY, a New York | ) [29 USCS 1132(g)] |
| Corporation; MONY LIFE INSURANCE | ) |
| COMPANY OF AMERICA, an Arizona | ) |
| Corporation; COMMUNITY TRUST | ) |
| BANCORP, INC. LONG TERM | ) |
| DISABILITY PLAN, an employee benefit | ) |
| plan; and DOES 1 through 10, inclusive; | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Lisa Fosson, ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Greenup County, Kentucky. She was an employee of Community Trust Bancorp, Inc., and by virtue of said employment she qualified for disability benefits through the Community Trust Bancorp, Inc. Long Term Disability Plan.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Equitable Financial Life Insurance Company ("Equitable"), is a corporation existing under the laws of New York and doing business in the Southern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Community Trust Bancorp, Inc. Long Term Disability Plan, is an employee benefit plan existing under the laws of Kentucky, and doing business in the Southern District of West Virginia.

4. Plaintiff is informed, believes and thereupon alleges that Defendant, Mony Life Insurance Company of America, is a corporation existing under the laws of Arizona and doing business in the Southern District of West Virginia.

5. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

### Jurisdiction and Venue

6. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e)(1) (Federal Question). Venue is additionally proper pursuant to 29 USC Section 1132(e)(2).

### Plan Provisions and Actions

7. The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the Community Trust Bancorp, Inc. Long Term Disability Plan is attached hereto as Exhibit A and incorporated herein by reference.*

8. The Plaintiff was an employee of Community Trust Bancorp, Inc., and was duly qualified participant in the Long Term Disability Plan at all material times hereto. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

10. The Community Trust Bancorp, Inc. Long Term Disability Plan, contains "any occupation" and "own occupation" definitions of disability. It contains the following definition of Disability/Disabled:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 24 months(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3) After that, 60% Any Occupation.
>
> If at the end of the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, but Your Current Monthly Earnings are equal to or greater than 80% of Your Earnings, Your Elimination Period will be extended for a total period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disability Earnings, whichever comes first.
>
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) mental illness;
> 4) substance abuse; or
> 5) pregnancy.

11. On or about November 13, 2019, the Plaintiff became totally disabled by virtue of her inability to work as required by the Community Trust Bancorp, Inc. Long Term Disability Plan.

12. After paying Plaintiff Short Term Disability ("STD") benefits, Defendant, Equitable denied Plaintiff's claim for Long Term Disability ("LTD") by letter dated July 29, 2020.

13. The Plaintiff appealed this denial by a letter dated August 12, 2020.

14. By letter dated September November 20, 2020, Defendant, Equitable affirmed its denial of Plaintiff's claim for LTD benefits.

15. This November 20, 2020 Denial Letter informed Plaintiff that she had fully exhausted her administrative remedies: "Please be advised that our claim decision is now final as administrative remedies available under the Policy have been exhausted."

16. Upon information and belief, none of the Defendants had Plaintiff evaluated by a physician or psychologist.

17. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, the opinions of her treating physicians and that of the Fully Favorable Decision from the Social Security Administration. *See Exhibit B* and *Exhibit C*, respectively.

18. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

19. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Equitable Financial Life Insurance Company; Mony Life Insurance Company of America, Community Trust Bancorp, Inc. Long Term Disability Plan; and DOES 1 through 10, inclusive.)**

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive.

21. The Plaintiff is due rights and benefits under the terms of the Plan.

22. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

23. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.

4

24. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

25. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

26. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3. Awarding Plaintiff prejudgment interest to the date of judgment;

4. Awarding Plaintiff's attorney's fees, court costs, post judgment interest and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: 20th day of May, 2020

UNDERWOOD LAW OFFICES

By: _____
J. Patrick L. Stephens, WVSB #10262
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (800) 991-4384
pstephens@underwoodlawoffices.com
*Counsel for Plaintiff*

5